Clement, Ch. J.
The relator, a patrolman, on. June 1, 1888, was dismissed from the police force of this city by Police Commissioner .Bell, for violation of rule No. 136 of the regulations for the government of the force, which reads as follows:
“In case of fire, burglary, riot, or other emergency, the sergeant, roundsman or patrolman who discovers the same, shall immediately send information to the officer in command at the station, and, in the meantime, take such action as the case may require.”
Reilly was duly served with charges, and was represented, by counsel on the hearing, and there seems to have been no substantial dispute as to the facts. He, while on patrol, at about 1 o’clock at night, was standing on Nostrand avenue, about two hundred feet from Flushing avenue, and hearing some one screaming, went to the corner, and there found a woman named Rafferty, who stated that two men broke into her rooms, and, to escape an assault, she jumped from the second story window. She also stated that one of the men was named Fatty Callahan, a bartender in the vicinity, with whom Reilly was acquainted. He (Reilly) called two other policemen, who were on duty in the vicinity, and made an investigation, and concluded, according to his statement, that no crime had been committed, and yet advised the woman to get a warrant for the arrest of the parties. The officer made- no report of the affair to the sergeant in charge at the station house, and for his failure to do so, was dismissed from the force. It is contended that the commissioner erred in convicting him of a violation of Rule No. 136, for the reason that he was not required by such rule to make a report of the facts in the Rafferty case.
It appears that the rule covers a case of burglary in so many words, and also it is conceded that the general words “ other emergency,” are to be construed in the light of the preceding particular words “fire, burglary, riot.” It follows that an attempt to commit rape is an emergency within the meaning of the rule, for the crime of rape is at "least in degree equal to that of burglary. But we think, further, that if the statement of the woman made to the officers was true, the two men had committed the crime of burglary. Sections 496 and 499, Penal Code. The officer was not bound to arrest the prisoners, and he was right in investigating the case to see whether there was any founda *303 tian for the statement made by the woman, but he clearly violated the rule in question when he failed to make a report at the station-house, and laid himself open to the strong suspicion of an endeavor to shield an acquaintance., He took upon himself- to decide that a crime had not been committed. If he was in doubt, it was his duty to ascertain the facts as far as possible and report to his superior officer, and then act according to orders.
While the report of Captain Druhan is returned as part of the record, it does not appear that the same was offered in evidence on the trial, and we, therefore, assume that the commissioner decided the case on the- testimony before him, and not on the records of his department.
The relator was clearly guilty of the charge preferred against him, and under the authority of The People ex rel. Masterton v. French and ors., Police Commissioners (110 N. Y., 494), we have not the power to review the sentence imposed on him.
It, therefore, follows that the proceedings of the commissioner must be affirmed, with fifty dollars costs and disbursements.
Van Wyck and Osborn, JJ., concur.